McCLENDON, J.,
concurs and assigns reasons.
hi agree with the majority that Rising Star A.M.E. Church (Rising Star) is the owner of the immovable property at issue herein. Said issue was directly answered by Fluker Community Church v. Hitchens, 419 So.2d 445, 446 (La.1982), wherein the supreme court held that ownership is determined by the named deed holder. Since the deed in this matter places title to the property in Rising Star and no one questions the validity of that instrument, ownership of the property rests with Rising Star, and no further analysis is necessary. Thus, most of the majority’s analysis is an exercise unnecessary to the only issue raised in this appeal, i.e., ownership. In this matter, unlike the Fluker case where possession and not ownership was at issue, ownership was the only issue pled. The question of whether the Annual Conference of African Methodist Episcopal Church in Louisiana and Mississippi (L & M A.M.E.) has the right to control the actions of the title holder of the property, and thereby the right to control the use of the property, is not before us. L & M A.M.E. amended its petition to ask for only a declaratory judgment on the ownership of the building and the property. It did not ask for a determination of the right to control or possess. Accordingly, all discussion regarding the L & M A.M.E.’s authority over Rising Star based on the African Methodist Episcopal Discipline (Discipline) of the general church is merely 12dicta, and further, it is arguably incorrect. In the absence of an “in trust” clause in the act of sale, as is the case here, five conditions are required to keep the local church’s connectional character and responsibilities to the general church. The isolated manner in which the majority reads the second provision of the Discipline essentially negates the necessity of the other four provisions. The majority’s statement that there is nothing in the act of sale that can be interpreted to convey the property “to the A.M.E. Church, Inc.” fails to read provision 2 in para materia *1050 with the remaining provisions. This was clearly not the intent of the Discipline.
Nonetheless, because the act of sale clearly places title to the property in dispute in the hands of Rising Star, I respectfully concur.